# In the United States Court of Federal Claims

No. 23-1930C

(Filed: November 13, 2023)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **VEDRICK L. SYMONETTE,** | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant*. | ) ) ) |

*Vedrick L. Symonette*, Bristol, FL, *pro se*.

*Laura O. Aradi*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

**OPINION AND ORDER**

***SOLOMSON*, Judge**.

On October 30, 2023, Plaintiff, Vedrick Symonette, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl."). Mr. Symonette contends that he is the copyright owner of his name, "Vedrick Lamont Symonette" and alleges that the Federal Government has infringed upon his intellectual property rights by retaining materials that possess Plaintiff's name, such as Plaintiff's driver's license and birth certificate. *Id*. at 2-3. Plaintiff seeks five million dollars in damages. *Id*. at 4.

Plaintiff is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v.*

*United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). In the absence of subject-matter jurisdiction, the Court "must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"); *see also Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967).

For the reason explained below, the Court dismisses Plaintiff's complaint, *sua sponte*, for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

Mr. Symonette asserts copyright ownership of his own name and contends that the Federal Government's retention of government documents bearing his name constitutes a violation of copyright law. For this alleged violation, Mr. Symonette claims to be entitled to five million dollars in damages. Although Plaintiff alleged a copyright claim, and government copyright claims generally fall within this Court's jurisdiction, "a plaintiff must show ownership of a valid copyright and copying of the protected work." *See* 28 U.S.C. § 1498(b); *see Blueport Co., LLP v. United States*, 76 Fed. Cl. 702, 709 (2007) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)), *aff'd*, 533 F.3d 1374 (Fed. Cir. 2008).

Plaintiff's claim is patently frivolous as it is not possible, as a matter of law, to possess copyright ownership over one's name. *Miles v. United States*, 2014 WL 5020574,

at *3 (Fed. Cl. Oct. 6, 2014) ("This court has considered similar claims alleging a copyright of a plaintiff's name and has rejected them for lack of jurisdiction."). In fact, the Code of Federal Regulations appears to preclude copyrighting a name. *See* 37 C.F.R. § 202.1 ("Material not subject to copyright"). Moreover, this Court has consistently rejected similar frivolous claims filed by other *pro se* litigants. *See, e.g., Rivera v. United States,* 105 Fed. Cl. 644, 649–50 (2012) (dismissing for lack of jurisdiction a contract claim founded on the prisoner's birth certificate, social security number, and his name which was asserted to be a "common-law-copyrighted trade-name/trademark"); *cf. Gravatt v. United States,* 100 Fed. Cl. 279, 288 (2011) (dismissing a prisoner claim for lack of jurisdiction because it was founded on a "patently frivolous" allegation that his birth certificate and other documents entitled him to the proceeds of an unsubstantiated trust account at the United States Treasury). Accordingly, this Court lacks jurisdiction over Plaintiff's claim in this case.

For the reasons explained above, this Court hereby **DISMISSES** Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk of the Court is directed to enter **JUDGMENT** for the government.

**IT IS SO ORDERED**.

s/Matthew H. Solomson<br>
Matthew H. Solomson<br>
Judge